# MORRISON | FOERSTER

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI
SINGAPORE, TOKYO, WASHINGTON, D.C.

September 9, 2020

Writer's Direct Contact
+1 (212) 336.4069
DFioccola@mofo.com

<u>Via ECF</u>

Hon. Ronnie Abrams
U.S. District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Sq.
New York, NY 10007

Re: ***Venture Group Enterprises, Inc. v. Vonage Business Inc.***
  **Case No. 1:20-cv-04095-RA (S.D.N.Y.)**

Dear Judge Abrams:

We represent Vonage Business Inc. ("Vonage") in the above captioned matter. We write pursuant to Your Honor's Individual Rules of Practice to respectfully request to file under seal Vonage's response (the "Response") in opposition to Plaintiff Venture Group Enterprises, Inc.'s ("Venture") Letter Motion for Leave to File Amended Rule 26 Letter [ECF No. 24]. Pursuant to Your Honor's Individual Rules of Practice, the parties conferred regarding Vonage's request to seal the Response. Venture does not object to Vonage's request to seal pending the Court's ruling on its motion, but reserves any rights it may have with respect to this request to seal or the Response.

The Response contains confidential, private information regarding settlement negotiations between the parties. Although there is a long-standing common law right of access to judicial documents, the public's right to access must be "balanced against 'competing considerations' such as 'the privacy interests of those resisting disclosure.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (quoting *Lugosch v. Pyramid Co. of Onondaga* , 435 F.3d 110, 119-20 (2d Cir. 2006)). Indeed, the Second Circuit has held there is no presumption of public access to settlement discussions. *See Bernstein*, 814 F.3d at n.5. Thus, sealing is appropriate here. Further, sealing documents that include settlement discussions serves to "preserve higher values" *Lugosch*, 435 F.3d at 120 (2d Cir. 2006), regarding the need for parties to feel free to engage in frank discussions in an effort to reach a compromise. The request here is narrowly tailored to serve those ends, as Vonage only requests that the Response in opposition to Venture's motion be sealed. Vonage's request does not implicate any policy concerns because there is no presumption of

ny-1988453

**MORRISON | FOERSTER**

Hon. Ronnie Abrams
September 9, 2020
Page Two

public access to settlement discussions and any interest in the sealed information is outweighed by the interest in encouraging parties to freely engage in settlement discussions. Accordingly, Vonage's request to file the Response under seal should be granted.

Respectfully Submitted,

/s/ *David J. Fioccola*
David J. Fioccola

By separate order, this action will be referred to Magistrate Judge Wang for general pretrial purposes. Judge Wang shall decide Plaintiff's request to file an amended Rule 26 letter, Dkt. 24, and the parties' requests to seal, Dkts. 23, 29, at her convenience.

SO ORDERED.

_____
Hon. Ronnie Abrams
9/10/2020

ny-1988453