

**Joseph A. Boyle**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel:  (212) 808-7800
Fax: (212) 808-7897

August 20, 2021

**By eFile**

**MEMO ENDORSED**

Hon. Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York  10007-1312

Re: *Venture Group Enterprises, Inc. v. Vonage Business Inc.*, No. 1:20-cv-04095-RA-OTW

Dear Judge Wang:

We represent Venture Group Enterprises, Inc. ("Venture") in the above-referenced action.  On July 14, 2021, Your Honor, *sua sponte* Ordered a monthly status on discovery; which was closing quickly.  (Doc. No. 94).  Venture raised several matters in the July Joint Status (Doc. No. 95), and directly with Vonage.  We received the back of Vonage's hand in response.  Thus, we burden Your Honor, as over 15 Depositions must be completed by September 24, 2021, and begin on August 26, 2021.

First, Vonage produced approximately 1,000 emails referencing documents stored on a Google Docs. shared drive ("Google Docs.").  Vonage has not produced all of the Google Docs.  Yet, Vonage claimed a complete document production, as Ordered by Your Honor (Doc. No. 94).  When questioned about a small example of four (4) withheld Google Docs., Vonage acknowledged it produced only two (2).  As to those two (2), Vonage withheld one (1) based on privilege.  No explanation was given for the two (2) other Google Docs.  Vonage has not made a complete production, as Vonage represented (Doc No. 95).  We respectfully request that the Court Order Vonage to produce all Google Docs.

Second, Vonage deleted the communications of Mr. Hiller and Mr. Schiffman – two (2) Vonage employees and custodians who were previously identified in this litigation.  These individuals stopped working for Vonage in February, 2019 and January, 2020, respectively.  Venture is rightly concerned about spoliation.  Venture requested the exact dates that Vonage deleted this evidence and whether it occurred when litigation was foreseeable.  Venture asked how these were deleted, how Vonage ensured itself that no documents were lost or destroyed and to identify any documents destroyed or not retained.  Vonage responded by stating that "Mr. Hiller left in February 2019, long before Vonage terminated Venture for cause on August 2, 2019.  As to Mr. Schiffman, Vonage retained certain of his files, but none were responsive to Venture's requests."  This is a non-answer to a serious lapse.  Both of these individuals were involved in the events underlying this dispute.  Mr. Hiller's date of departure tells us nothing about the loss of his files.

Hon. Ona T. Wang
August 20, 2021

Vonage's response as to Mr. Schiffman implies "responsive" documents were deleted, as only non-responsive documents were recovered. Venture is entitled to know how these files were deleted. We ask the Court to Order Vonage to provide this information forthwith.

Lastly, during discovery Vonage notified Venture of a third party inquiry regarding Vonage (Doc. No. 95, p. 2), and according to Vonage, also regarding Venture. Venture has not been so contacted. Venture thus requested all communications related to this inquiry. Venture is entitled to know what Vonage claims to know about this inquiry. We ask the Court to Order that all documents concerning this inquiry be produced immediately.

Based on the foregoing and upcoming deposition schedule, Venture respectfully requests that Your Honor enter an Order as requested above.

Respectfully submitted,

*/s/ Joseph A. Boyle*

Joseph A. Boyle


cc:  David J. Fioccola, Esq. (via eFile)

---

Venture's motion to compel the "Google Docs" is **DENIED**. *See Nichols v. Noom Inc.*, No. 20-CV-3677 (LGS) (KHP), 2021 WL 948646, *4 (S.D.N.Y. Mar. 11, 2021).

Venture's motion to compel further information regarding Messrs. Hiller's and Schiffman's deleted files is **DENIED**. Venture has not suggested prejudice from any deletion of documents.

Venture's motion to compel documents concerning the "third party inquiry" is **DENIED**. Plaintiff has not shown the relevance of such documents.

The Court will hold an **in-person Status Conference on September 30, 2021 at 10:00 a.m** at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, Courtroom 20D. By September 27, 2021 at 12:00 p.m., the parties shall file a joint status letter (limited to four single-spaced pages) regarding the unresolved discovery disputes that are ripe for resolution.

**SO ORDERED.**

_____
Ona T. Wang                  8/30/21
U.S.M.J.