

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel:  (973) 503-5920
Fax:  (973) 503-5950
jboyle@kelleydrye.com

June 28, 2022

**By ECF**

Hon. Ronnie Abrams
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007-1312

Re:      *Venture Group Enterprises, Inc. v. Vonage Business Inc.,* No. 1:20-cv-04095-RA-OTW (S.D.N.Y.)

Dear Judge Abrams:

We represent Venture Group Enterprises, Inc. ("Venture") in the above-captioned matter.  This letter regards the motions filed by Vonage Business, Inc. ("Vonage") on Thursday, June 23, 2022.  ECF No. 159; ECF No. 168.  Vonage filed under seal various documents designated as confidential pursuant to the Protective Order in this matter.  ECF No. 51.  Venture reiterates the confidential designation, and sets forth in this letter why these documents must remain under seal.  For that reason, Venture does not oppose the sealing of Exhibit 44, as requested by Vonage.  However, Vonage addressed this matter, to Your Honor, but Venture respectfully believes this should be before Magistrate Judge Wang.  It is a non-dispositive motion.  Vonage previously filed an objection to sealing raised by Venture.  It regards many of the same documents and many of the same issues, and is pending before Judge Wang, or was overruled *sub silentio*, and the documents remain sealed.

The sealed documents subject to this letter are Exhibits 4, 8, 10-11, 13-17, 19-20, 34-37, 39, and 48-50 from Vonage's Motion for Summary Judgment, and Exhibits 3, 6, 11-12, and 16 from Vonage's Daubert motion (together the "Documents") attached to the Declaration of David J. Fiocciola.  ECF. No. 165; ECF No. 172.  There already is a pending motion to seal for Exhibits 10, 16-17, 34-37 in Vonage's Motion for Summary Judgment .  While no decision has been rendered as to those seven documents, the arguments remain and are subsumed in this submission.

The public's right to access must be "balanced against 'competing considerations' such as 'the privacy interests of those resisting disclosure.'"  *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).  The determination "depends upon: '(1) the extent to which information is known outside the business; (2) the extent to which information is known to those inside the business; (3) the

Judge Abrams
June 28, 2022

measures taken to guard the secrecy of the information; and (4) the value of the information to the business and its competitors.'"  *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 144 (S.D.N.Y. 1997).  Additionally, "[p]otential damage from the release of sensitive business information has been deemed a ground for denying access to court documents."  *Bergen Brunswig Corp. v. IVAX Corp.*, No. 97 2003 (PKL), 1998 U.S. Dist. LEXIS 3045, at *7-8 (S.D.N.Y. Oct. 21, 2014) ("Courts can seal 'business information that might harm a litigant's competitive standing' in the market.").  These Documents meet the standards.

**Motion for Summary Judgment Exhibits: 4, 39, and 48-49; Daubert Motion Exhibits: 3, and 11-12**

The Documents set out Venture's business arrangements with other third-parties, including confidential terms of the agreements, in significant detail.  These exhibits reveal Venture's vendors, each of the vendors' private information, and other confidential information, including customer account information, prior carrier information for six of Venture's previous partners, and agency agreements.  These Exhibits should be sealed for the same reasons Vonage argues Exhibit 44 should be sealed.

If the Documents were made public, the proprietary business information would put Venture at a significant competitive disadvantage in both future dealings with other companies, but also in the deals it currently has.  Moreover, others may be able to use the Documents to discern Venture's negotiation tactics with vendors, and further discern the financial details of Venture's business.  The interest in protecting the parties' confidential business information therefore outweighs the qualified right of public access.  *See Standard Inv. Chartered Inc. v. Fin. Indus. Regulartory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming decision to seal confidential business documents because the confidential nature of the documents outweighed the right of public access*.); see also Dow Chem. Co. v. Olin Corp.*, 2020 U.S. Dist. LEXIS 156879 (S.D.N.Y. Aug. 28, 2020) (granting motion to seal an agreement because the parties would be at a competitive disadvantage if the agreement was made public); *see also Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (sealing "highly confidential sales information, including pricing information.").

Additionally, the Documents contain information of Venture personnel, third parties, Venture's business network, and other personally identifiable information regarding these people and entities.  This information is confidential and typically provided for under a confidentiality agreement, or a protective order.  As Vonage points out, this court has recognized the significant privacy interests that outweigh the presumption of public access in these situations.  *See* ECF. No. 158 n. 1 ("*Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (citations and quotations omitted) ('[C]ourts have sealed customer lists containing identifying information of non-parties due to the 'significant privacy interests' at stake.'); *Capri Sun GmbH v. Am. Bev. Corp.*, No. 1:19-cv-01422 (PAE), 2021, U.S. Dist. LEXIS 121094, at*5 (S.D.N.Y. June 4, 2021) ('Confidential corporate financial documents and budgets are among those documents frequently recognized by this Court as appropriately sealed.')".

**KELLEY DRYE & WARREN LLP**                                                                                                 2

Judge Abrams
June 28, 2022

**Motion for Summary Judgment Exhibits: 8, 10-11, 13-17, 19-20, 34-37, 50; Daubert Motion Exhibits: 6, and 16**

For the remaining Documents, as stated above, seven of which are pending before the Court under different letter motions to seal (here they are Exhibits 10, 16-17, 34-37 in Vonage's Motion for Summary Judgment).  ECF. No. 118; ECF No. 121.  The same arguments articulated in those letters apply here.  The remaining exhibits, are substantially the same.  They contain emails internally with Venture, or with Venture and its vendors, discussing proprietary business information such as coaching and communicating with subagents of Venture.

All of the Documents easily meet the standard set forth *Bank of New York*.  Venture keeps this information confidential and safeguards it from their competitors and the public.  It is distributed to a select few, only including internal Venture employees or limited individuals and entities under contract, such as Vonage, independent contractors, such as subagents, and crucial vendors.  The Documents reflect or contain such proprietary information and details, including: references to Venture's sales process; references to Venture's coaching and training process; internal quality control details; references to external quality control details; and information related to the training of subagents.  The Documents also contain the identity and contact information of Venture personnel and third-parties, which is confidential, and also typically provided under a confidentiality agreement or a protective order.

Venture's confidential information differentiates it from those partnered with Venture's direct competitors.  Venture goes to great lengths to maintain its competitive advantage by protecting its confidential information.  If the Documents are placed on the public record, this information would undermine Venture and enable its competitors.  The harm Venture would suffer as a result would be great.

For the reasons set forth above, Venture respectfully requests that the Court allow the Documents to remain under seal.

Respectfully submitted,

*/s/ Joseph A. Boyle*

Joseph A. Boyle

CC:   Hon. Ona T. Wang
       United States Magistrate Judge
       Daniel Patrick Moynihan United States Courthouse
       500 Pearl Street
       New York, New York 10007-1312

In light of the overlap between the documents the parties seek to seal in relation to the Motion for Summary Judgment and the pending sealing requests with regard to the Motion for Sanctions before Judge Wang, the parties shall address the issues raised in docket entries 158 & 173 to Judge Wang, who will address them at her convenience.

SO ORDERED.

_____

Hon. Ronnie Abrams
06/29/2022

**KELLEY DRYE & WARREN LLP**                                                                 3