**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
VENTURE GROUP ENTERPRISES, INC.,           :
                                                                         :
                      Plaintiff,           :           20-CV-4095 (RA) (OTW)
                                                                         :
                 -against-            :           **OPINION & ORDER**
                                                                         :
VONAGE BUSINESS INC.,                              :
                                                                         :
                     Defendant.        :
                                                                         :
-------------------------------------------------------------x

        **ONA T. WANG**, **United States Magistrate Judge**:

I.       **BACKGROUND**

        This contentious case – which alleges breach of contract and fraud in both the complaint and the counterclaims – arises out of a contract between Plaintiff ("Venture") and Defendant ("Vonage") under which Venture and its subagents called prospective customers and exhorted them to switch their service to Vonage. For this service, Vonage paid Venture commissions in the millions of dollars. (ECF 126 at 3-4). Unfortunately for both Venture and Vonage, Venture's subagents made certain misrepresentations[1] on those sales calls, which led to many of the new Vonage customers canceling their new agreements and being switched back to their original service provider, at significant cost to Vonage. (ECF 126 at 7-8). Vonage then began withholding or charging back certain of the commissions it had paid to Venture, and this non-payment or

---

[1] At a September 30, 2021 status conference, Vonage's representative explained how misrepresentations would occur on the calls: a potential customer would be told that their current service provider had been acquired by Vonage, and they therefore needed to switch their service to Vonage in order to avoid any interruption in service. When the customer later learned that they had been misled into changing their service provider, they then demanded Vonage switch them back to their original provider, which it did. (ECF 110 at 11).

1

chargeback of commissions forms the basis of Venture's complaint. Vonage's counterclaims, not surprisingly, allege that Venture knew of and supported its subagents' misrepresentations.

This cross-motion for sanctions is more of the same "I am rubber, you are glue"[2] litigation strategy. Venture and its subagents used a third-party vendor, TrustedTPV ("TPV"), to record certain portions of the subagents' sales calls. (Declaration of Joseph A. Boyle in Opposition to Vonage's Motion for Sanctions ("Boyle Decl.") (ECF 128), Ex. 1 at 37). The entire calls were not typically recorded, however, and a script produced by Venture supports their contention that Venture and its subagents only recorded certain portions of the calls. (Boyle Decl., Ex. 1 at 29, 35-36, Ex. 23 at 1).[3] Unfortunately for Venture, they produced some recordings where the "sales pitch" portion of the call was recorded, and it is the "sales pitch" portion of the calls that contain the alleged misrepresentations. (ECF 115 at 8-9; see also ECF 70-1). As a result, Vonage seeks full recordings, including the sales pitch, of other calls made by Venture's subagents selling Vonage service.

Venture and TPV assert that they have produced all of the recordings that remain in existence, and have asserted that neither Venture nor its subagents would have independently recorded the entire sales calls including the (allegedly misleading) sales pitch portions of the calls. (ECF 126 at 6-7). Additionally, Venture asserts that they had no requirement to preserve — or ensure that their subagents preserved — the portions of the calls that were not part of the produced TPV recordings, such as the sales pitch. (ECF 126 at 17). Vonage points to certain

---

[2] Holly Strop, *I'm Rubber you're glue*, URBAN DICTIONARY (Sept. 30, 2022, 7:24 PM), https://www.urbandictionary.com/define.php?term=I%27m%20rubber%20you%27re%20glue
[3] Venture states that recordings of verbal portions of the call were required under Federal Communications Commission rules regulating verbal contracts. (Boyle Decl., Ex. 1 at 37).

documents obtained during discovery to assert, however, that Venture apparently had contractual control over the recordings of the entire calls, and that Venture's quality control processes apparently acknowledge that Venture was obligated to provide the entire recordings of calls upon Vonage's request. (ECF 115 at 18-19; *see also,* Declaration of David J. Fioccola ("Fioccola Decl.") (ECF 117), Ex. 23).

The parties seem to agree that Venture's subagents made misrepresentations on their calls (ECF 115 at 7; ECF 126 at 10), but they disagree over the degree of Venture's control over their subagents and whether Venture's quality control processes meant that either Venture or their subagents were obligated to record and preserve the entirety of their calls with customers. (*Cf.* ECF 115 at 9, 18 *with* ECF 126 at 17-20).

Vonage seeks case-terminating and other sanctions for Venture's alleged failure to preserve or record the entirety of Venture's subagents' calls. Among other relief, Vonage seeks an adverse inference that the missing sales pitch portions of the calls "would have documented a widespread fraud from as early as Venture began selling Vonage's services." ECF 115 at 26. Venture, in response, seeks sanctions in the form of fees and costs associated with this briefing, asserting that the absence of more evidence of subagent misrepresentations – and Vonage's decision not to depose Venture's subagents – entitles Venture to fees and costs for defending this sanctions motion.[4] See ECF 120 at 24.

---

[4] Specifically, Venture argues that Vonage has not proven an "elaborate fraud" and repeatedly claims that Judge Abrams's dismissal of Vonage's RICO counterclaims before discovery means that "Judge Abrams agrees that there is no conspiracy between the sub-agents and Venture." ECF 120 at 3.

3

II. **Discussion**

A. **Sanctions under Rule 37(e)**

Rule 37(e) of the Federal Rules of Civil Procedure, amended in 2015, governs sanctions for failure to preserve electronically stored information ("ESI"), and provides as follows:

> (e) **Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) Upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) Only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) Presume that the lost information was unfavorable to the party;
>
> (B) Instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) Dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

Sanctions for spoliation are only available under Rule 37(e) where certain threshold elements are met. Here, the Court must first determine: (1) whether Venture had an obligation to make and preserve the entire sales calls in the anticipation or conduct of litigation; (2) whether the ESI was lost because Venture failed to take reasonable steps to preserve it; and (3) whether the lost ESI can be restored or replaced through additional discovery. Fed. R. Civ. P. 37(e). Only if these three elements are met will the Court turn to deciding the appropriate sanction.

Whereas the previous version of Rule 37 permitted severe sanctions for negligent spoliation, pursuant to the amended Rule 37(e), a movant must now show that the non-moving party "acted with the intent to deprive [the requesting party] of the information's use in the litigation" before the sanctions listed in subsection (2) of Rule 37(e)—*i.e.*, adverse inference, dismissal, or default judgment—are available. Fed. R. Civ. P. 37(e)(2). Absent a showing of "intent to deprive," a party's relief is limited to sanctions under subsection (1) of Rule 37(e). Fed. R. Civ. P. 37(e)(1). A Rule 37(e)(1) sanction may only be imposed upon a finding of prejudice from the loss of the information, and the sanction imposed may be "no greater than necessary to cure the prejudice." *Id*. When fashioning such a sanction, "[c]are must be taken . . . to ensure that curative measures under subdivision (e)(1) do not have the effect of measures that are permitted under subdivision (e)(2) only on a finding of intent to deprive another party of the lost information's use in litigation." Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment.

To obtain the harsher sanctions under subsection (e)(2), such as terminating sanctions or an adverse inference, Defendants must show an "intent to deprive another party of the information's use in the litigation." *See* Fed. R. Civ. P. 37(e)(2). An intent to deprive can be found either from a conscious act of destruction or a "conscious dereliction of a known duty to preserve electronic data." *See Ungar v. City of New York*, 329 F.R.D. 8, 13 (E.D.N.Y. 2018). As the movant, Defendants have the burden to make such a showing by clear and convincing evidence. *See CAT3, LLC v. Black Lineage, Inc.*, 164 F. Supp. 3d 488, 502 (S.D.N.Y. 2016) (finding "clear and convincing" the proper standard for analyzing an intent to deprive under Rule 37(e)(2)).

5

On the record before the Court, there is not clear and convincing evidence to conclude that Venture should be subject to case-dispositive sanctions. While it is undisputed that recordings of the entire sales calls were not regularly made or preserved, whether those full recordings should have been made and preserved in the first instance (or indeed, whether Venture and/or its subagents chose to make misrepresentations during the portions of the calls that they knew were not recorded) turns on the interpretation of multiple documents that merely reference "recordings" and on the credibility of witnesses who seem to acknowledge the same: that the recordings normally made by TPV were partial and would not normally have contained the sales pitch portions of the calls. See, e.g. 153-1 (sealed?) *See, e.g. Lokai Holdings LLC v. Twin Tiger USA LLC*, No. 15-CV-9363 (ALC) (DF), 2018 WL 1512055, at *16 (S.D.N.Y. Mar. 12, 2018) (denying sanctions under Rule 37(e)(2) where evidence "capable of more than one interpretation").

Indeed, the record is not clear whether any other recordings exist of the sales pitch portions of the calls, that either were destroyed or were never made or preserved in the first place, such that sanctions would be appropriate under Rule 37(e)(1) or 37(e)(2). *See The Fashion Exchange, LLC v. Hybrid Promotions, LLC*, No. 13-CV-1254 (SHS)(OTW), 2019 WL 6838672 at *6 (S.D.N.Y. Dec. 16, 2019) (denying case-dispositive sanctions where record was not clear whether the documents sought ever existed). Vonage does have some evidence of misrepresentations made by Venture's subagents, (see, e.g., ECF 70-1), and has presented such evidence in its motion for summary judgment, and the determination whether Venture facilitated or hid its subagents' misrepresentations, and whether Venture's conduct constituted

a breach of the Channel Partner Agreement, are more properly before the district judge on summary judgment or before the ultimate fact finder at trial.

### B. Fees and Costs

Both parties seek fees and costs incurred in briefing this sanctions motion. Although Vonage's motion was denied, the motion was substantially justified. See Fed. R. Civ. P. 37(a)(5)(B). At the September 30, 2021 conference where I set the briefing schedule for the sanctions motion, Vonage had already found evidence of subagents' misrepresentations, and it was not clear whether recordings of the full calls ever existed. Venture, in turn, continued to assert that I had already ruled on production of a motion to compel full recordings back in February 2021, and it was unclear whether any other witnesses might have recordings of the entire calls. *See* ECF 75.

The Court is concerned, however, that certain of Venture's representations to the Court back in February 2021 were incorrect and may have led to unnecessary motion practice to obtain the recordings from TPV, or suggested that Vonage seek discovery from Venture's subagents for more evidence of misrepresentation. For example, Venture identified TPV and represented to the Court that "Vonage could request the recordings from the vendor [TPV]. . . To put this dispute to rest, Venture called the vendor. The vendor confirmed that, had Vonage asked for recordings, it would have cooperated." ECF 77. Based on the representation that the recordings from TPV were at least equally accessible to Venture and to Vonage, I declined to award costs to Vonage for reviewing VENTURE 00000001-VENTURE00020916, and required Vonage to detail the efforts to obtain recordings from TPV, (see ECF 75 - 78), when it turns out that such efforts would have been futile. See ECF 117-19 (declaration from a TPV representative

7

dated April 14, 2021, stating, *inter alia*, "It was my understanding that I needed Venture's permission prior to providing any call recordings in [TPV's] possession to Vonage.")

### C. Motions to Seal

Finally, the Court has reviewed Venture's motions to seal at ECF 118 and 125 and finds that they are without merit, repeating only the legal standard without applying it to particular documents or portions of documents sought to be sealed, in contravention of my Individual Practices as well as the case law in this Circuit. Indeed, wholesale sealing of documents – without any attempt to identify and redact the sensitive business information sought to be protected – runs counter to the principles identified in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP,* 814 F.3d 132 (2d Cir. 2016). Accordingly, Venture's motions to seal (ECF 118, 125) are **DENIED** and Vonage is directed to file, no later than October 7, 2022, a motion for costs incurred in attempting to resolve the motions to seal that were associated with Vonage's sanctions motion. This includes any meet-and-confer conferences that led to Vonage's motion for provisional sealing at ECF 112. ECF 112 is denied as moot.

For the same reasons, Venture's motions to seal at ECF 158 and 173 are also **DENIED**.

Finally, the Court stays, **until October 7, 2022**, its denials of ECF 112, 118, 125, 158 and 173 pending a proper single motion to seal from Venture that conforms with my Individual Practices and that provides proposed (and preferably agreed) redactions. See Individual Practices, IV.a. If a motion to seal is not filed by October 7, 2022, the Court will order the wholesale unsealing of the documents that are currently provisionally under seal. Venture is

8

warned that if the Court finds that a further motion to seal is not substantially justified under Fed. R. Civ. P. 37(a)(5), it <u>will</u> apportion or award costs under that Rule.

### III. Conclusion

By October 14, 2022, the parties are directed to file a single, joint status letter addressing the status of discovery and any other outstanding issues that fall within the scope of Judge Abrams's orders of reference at ECF 31 and 150.

The Clerk is respectfully directed to close ECF 112, 113, 118. 125. 158, and 173.

**SO ORDERED.**

|  |  |
|---|---|
| Dated: September 30, 2022<br>New York, New York | *s/ Ona T. Wang*<br>**Ona T. Wang**<br>United States Magistrate Judge |