**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
VENTURE GROUP ENTERPRISES, INC.,      :
                                      :
              Plaintiff,           :     20-CV-4095 (RA) (OTW)
                                      :
            -against-                    :     **ORDER**
                                      :
VONAGE BUSINESS INC.,                 :
                                      :
              Defendant.           :
                                      :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

The Court has reviewed the latest round of Plaintiff Venture Group Enterprises, Inc.'s ("Venture") motions to seal, made in response to the Court's Order dated September 30, 2022 (ECF 194). The outstanding motions to seal are ECF 200, Venture's motion to seal Exhibits 1-12 and 15-18 to the Boyle Declaration, and ECF 211, Venture's motion to seal Exhibit 4 to Vonage's Motion for Summary Judgment and Exhibits 1, 3, 11, and 12 to Vonage's motion to Exclude the Opinions and Testimony of Ariel Collis.

I.     DE-DESIGNATED DOCUMENTS

ECF 211 de-designates all documents subject to Venture's past letter motions to seal, namely ECF Nos. 112, 118, 125, 158, and 173, except for Exhibit 4 to Vonage's Motion for Summary Judgment (ECF 164-4) and Exhibits 1, 3, 11, and 12 to Vonage's Motion to Exclude the Opinions and Testimony of Ariel Collis (ECF Nos. 171-1, 171-3, 171-11, and 171-12). Accordingly, all sealed documents or exhibits attached to ECF Nos. 115, 117, 128, 160, 162, 163, 169, and 171, with the exception of ECF Nos. 164-4, 171-1, 171-3, 171-11, and 171-12 are **UNSEALED**.

II.     **REMAINING MOTIONS TO SEAL**

With respect to ECF 164-4, Venture argues that Exhibit 4 to Vonage's Motion for Summary Judgment contains the name of its sub-agents. (ECF 211 at 2). In support of its motion, Venture refers the Court to the arguments made in its Letter Motion to Seal dated October 5, 2022 (ECF 200) and the Declaration of Jim Price dated October 5, 2022 ("Price Decl.") (ECF 201, correctly filed at ECF 213). Nowhere in either of these documents does Venture explain why the names of its sub-agents must remain under seal. Moreover, as pointed out by Vonage, this information was already de-designated by Venture in ECF 211. Indeed, each sub-agent listed in ECF 164-4 is also listed in ECF 164-22, which was never filed under seal, and was never requested by anyone to be sealed. Even if that were not the case, Venture has de-designated "all [other] documents" subject to its prior motions to seal regarding Vonage's Motion for Summary Judgment. Accordingly, Venture's request to seal ECF 164-4 is **DENIED**.

With respect to ECF Nos. 171-1, 171-3, 171-11, and 171-12, Venture argues that these documents relate to expert discovery and contain business and proprietary information. (ECF 200 at 1). Venture **still does not** propose redactions for any of these documents, and once again seeks wholesale sealing of these documents. This is in direct contravention of the Court's Individual Practices and its September 30, 2022 order, in which the Court ordered Venture to file a motion to seal that "provides proposed (and preferably agreed) redactions"). (ECF 194 at 8). The same problems attach to the documents Venture requests to be sealed in ECF 200, namely Exhibits 1-12 and 15-18 to the Declaration of Joseph Boyle ("Boyle Decl.") (ECF 204) and Exhibit 1 to the Declaration of Ariel Collis ("Collis Decl.") (ECF 205).

The Court is mindful that Vonage has agreed to seal ECF Nos. 171-1, 171-3, 171-11, and 171-12. (*See* ECF 214). The Court further recognizes that on occasion, certain expert reports may be filed under seal.[1] However, Venture has now had **four** opportunities to make a proper sealing request, and it has failed to follow the Court's directions regarding sealing every time.

Venture has also not met the burden needed to justify its motions to seal. Venture asserts in broad terms that the documents it seeks to seal contain "proprietary and sensitive business information." (ECF 200 at 3). This rationalization is not sufficiently specific enough to justify sealing. *Palomo v. DeMaio*, No. 515-CV-1536-LEK-TWD, 2018 WL 5113133, at *2 (N.D.N.Y. Oct. 19, 2018) (denying motion to seal where movant did not explain why any particular document it sought to seal was proprietary or a trade secret). Lastly, Judge Abrams may rely on the documents referenced in ECF Nos. 200 and 211 in resolving Vonage's Motion for Summary Judgment. "[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) (internal citations and quotations omitted). Accordingly, ECF 200 and ECF 211 are **DENIED**.

The parties have represented that the only outstanding motions before the Court are ECF 200, ECF 208, and ECF 211. Accordingly, ECF Nos. 183 and 195 are **DENIED as moot**.

---

[1] *See Falberg on behalf of Goldman Sachs 401(k) Plan v. Goldman Sachs Grp., Inc.*, No. 1:19-CV-09910-ER, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022); *Chen-Oster v. Goldman, Sachs & Co.*, No. 10-CV-6950-ATR-WL, 2022 WL 814074, at *2 n. 5 (S.D.N.Y. Mar. 17, 2022), on reconsideration in part, No. 10-CIV-6950-ATR-WL, 2022 WL 3586460 (S.D.N.Y. Aug. 22, 2022).

The Clerk of Court is respectfully directed to close ECF Nos. 183, 195, 200, and 211.

**SO ORDERED.**

Dated: October 25, 2022
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge