```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
VENTURE GROUP ENTERPRISES, INC.,            :
                                            :
                Plaintiff,                  :         20-CV-4095 (RA) (OTW)
                                            :
          -against-                         :         **OPINION & ORDER**
                                            :
VONAGE BUSINESS INC.,                       :
                                            :
                Defendant.                  :
                                            :
-------------------------------------------------------------x
```

**ONA T. WANG**, **United States Magistrate Judge**:

The Court assumes familiarity with the saga of the parties' years-long discovery motion practice seeking sales recordings showing that the subagents of Venture Group Enterprises, Inc. ("Venture") lied to customers and that Venture was, at a minimum, aware of its subagents' misrepresentations. In the course of resolving the motion for discovery sanctions filed by Vonage Business Inc. ("Vonage") and the parties' competing motions to seal, I expressed concern that some of the representations that Venture had made during discovery about the parties' access to recordings had not been entirely truthful. *See Venture Group Enterprises, Inc. v. Vonage Business Inc.*, No. 20-CV-4095 (RA) (OTW), 2022 WL 4814830 (S.D.N.Y. Sept. 30, 2022), ECF 194.

At the time, I found that Defendant had not shown, by Rule 37(e)(2)'s high standard, "clear and convincing evidence" whether Venture had destroyed evidence or "whether Venture and/or its subagents chose to make misrepresentations during the portions of the calls that they knew were not recorded." *Venture Group Enterprises*, 2022 WL 4814830, at *3. I then found that Venture's motions to seal were meritless and should be denied. *Id.* (For a fuller chronology of the motions to seal and Vonage's necessary responses, *see* ECF 209.) I then directed expedited

briefing under Rule 37(a)(5) if Vonage intended to file a motion for its fees incurred in connection with briefing and resolving two of Venture's motions to seal, filed at ECF 118 and ECF 125. *Id.* In that Opinion & Order, I also denied two more of Venture's motions to seal that had been filed in connection with Vonage's motion for summary judgment. *Id.*

Although I denied Vonage's motion for case-terminating sanctions, its motion was far from meritless. Nonetheless, Venture's opposition to Vonage's instant fees motion continues to claim, *inter alia*, that since I declined to recommend case-terminating sanctions under Rule 37(e)(2)'s stringent standard, Vonage's motion for sanctions was "meritless." *See* ECF 216. Merely repeating a conclusory statement does not make it true.

Venture also vociferously opposes Vonage's requests for fees outside of the two letter motions, ECF Nos. 118 and 125, I identified in my Opinion & Order. I need not reach this issue now, as Vonage is on the verge of filing a much larger fees motion in connection with its 2020 Offer to Liquidate Damages, in which it may seek those fees. *See* ECF 246.

Accordingly, I find that Vonage is entitled to **$24,643.63** for fees and costs incurred in connection with Venture's motions to seal. *See* ECF 209 at 3-8 and Appendix "A." The time spent was reasonable. The hourly rates, while high, are supportable in this context and represented to be fees actually paid by Vonage. *See* ECF 219 at 3-4. *See also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008) (courts should "bear in mind all of the case-specific variables" in determining a reasonable attorneys' fees award); *Robles v. City of New York*, No. 19-CV-6581 (AT) (BCM), 2021 WL 1034773, at *5 (S.D.N.Y. Feb. 26, 2021) (" 'The reasonable hourly rate is the rate a paying client would be willing to pay.' ") (quoting *Arbor Hill*, 522 F.3d at 190).

Vonage is likely entitled to fees under Rule 37(a)(5) for Venture's later sealing motions. (ECF 200, 211). These motions were filed just days after my original order of September 30, 2022, warning Venture that any additional motions to seal that were not substantially justified would be subject to additional fees awards. *Venture Group Enterprises*, 2022 WL 4814830, at *4. Again, Venture sought wholesale sealing of documents and claimed that information that had already been disclosed in unsealed documents should be sealed, something that I had already told Venture was insufficient to warrant sealing. *See id.* Those motions to seal were denied in their entirety and were not substantially justified. (ECF 218 at 2-3). Because Vonage had been directed to file its fees motion concerning Venture's older motions to seal (ECF 118, 125) on October 7, 2022, and ECF Nos. 200 and 211 were filed on October 5 and 7, respectively, Vonage only sought fees for responding to ECF Nos. 200 and 211 in their reply, ECF 219, and Venture did not have an opportunity to reply fully to that request.

While I decline to award "fees on fees" at this time, *see, e.g., White v. UMG Recordings, Inc.*, No. 20-CV-9971 (AT) (OTW), 2023 WL 5806194, at *4 (S.D.N.Y. Aug. 14, 2023), this determination is without prejudice to Vonage's ability to recover fees in connection with its Offer to Liquidate Damages, which is still to be briefed.

The Clerk is respectfully directed to close ECF 208.

**SO ORDERED.**

Dated:  December 19, 2023
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge