UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VENTURE GROUP ENTERPRISES, INC., | |
| Plaintiff, | No. 20-CV-4095 (RA) |
| v. | MEMORANDUM OPINION & ORDER ADOPTING REPORT & RECOMMENDATION |
| VONAGE BUSINESS INC. f/k/a VONAGE BUSINESS LTD., | |
| Defendant. | |

RONNIE ABRAMS, United States District Judge:

On May 28, 2020, Plaintiff Venture Group Enterprises, Inc. ("Venture") commenced what has become an unfortunately—and mutually—litigious action against Defendant Vonage Business Inc. ("Vonage"), for claims arising from their business relationship. Currently pending before the Court is Venture's motion for an award of expenses pursuant to New York Civil Practice Law and Rules § 3220 ("CPLR 3220" or "Rule 3220"). Dkt. No. 354. On July 18, 2025, Magistrate Judge Gary Stein issued a Report and Recommendation (the "Report"), recommending denying the motion, Dkt. No. 373, to which Venture timely filed objections, Dkt. No. 374.[1] For the reasons set forth herein, the Court overrules Venture's objections and adopts Judge Stein's thorough and well-reasoned Report in full. Venture's motion for expenses pursuant to CPLR 3220 is therefore denied.

## BACKGROUND

Familiarity with the extensive procedural history of this five-year-old litigation is

---

[1] In light of CPLR 3220's instruction that expenses under this statute "shall be ascertained by the judge . . . before whom the case is tried," the Court referred first Vonage's, and then Venture's, Rule 3220 motion for a report and recommendation to the magistrate judge. *See* Dkt. Nos. 150 (referring Vonage's Rule 3220 motion), 151 (setting forth basis for referral of Rule 3220 motion), 372 (referring Venture's Rule 3220 motion).

presumed. In brief and pertinent part, in October 2023, this Court granted summary judgment for Vonage on both its counterclaim and Venture's claims for breach of contract. Dkt. No. 237. A bench trial was scheduled for August 2024 to determine the amount of damages owed to Vonage. Dkt. Nos. 248, 330. On January 11, 2024—approximately one month before the initially anticipated trial date, *see* Dkt. No. 248—Venture served Vonage with an "Offer to Liquidate Damages." The offer stated as follows:

> Pursuant to N.Y. Civil Practice Law & Rules Section 3220, [Venture], without admitting liability, offers to allow judgment to be taken against it for $9.99 on [Vonage's] breach of contract counterclaim, which includes costs accrued, if Venture fails in its defense. If Vonage does not accept this offer within ten days and Vonage fails to obtain a more favorable judgment, Vonage shall pay the expenses necessarily incurred, including attorneys' fees, by Venture for trying the issue of damages from the time of this offer.

Dkt. No. 356 ("Boyle Decl.") Ex. A. Vonage did not accept the offer. Boyle Decl. ¶ 8.

In a written opinion following trial, the Court awarded Vonage $1 in nominal damages, after which Venture filed the instant CPLR 3220 motion. Dkt. No. 346. Venture argues that it is entitled to an award of approximately $1.6 million in fees and costs incurred in trying the case, because the $1 in nominal damages awarded to Vonage after trial are less favorable than Venture's pretrial offer of $9.99. Dkt. No. 354.

On July 18, 2025, Judge Stein issued his Report recommending denial of the motion. *See* Dkt. No. 373 ("Report"). Venture timely objected. Dkt. No. 374 ("Objs."). Vonage opposed. Dkt. No. 375 ("Opp'n").

## LEGAL STANDARDS

### I.      Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1). On a dispositive motion, a court may "adopt those portions of the recommendation to which no specific, written objection is made, as long as those sections are not clearly erroneous," *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (quoting Fed. R. Civ. P. 72(b)), but must review de novo those portions of a report to which a party has made specific objections, *see* 28 U.S.C. § 636(b)(1)(C); *Greene*, 956 F. Supp. at 513.[2] The Court analyzes the Report's conclusion, to which Venture has made four specific objections, de novo.

II.     **Applicable Law**

Recovery under CPLR 3220 is permitted in a breach of contract action when "the claimant fails to obtain a more favorable judgment" than the offer it rejected. CPLR 3220 states:

> **Offer to liquidate damages conditionally**. At any time not later than ten days before trial, any party against whom a cause of action based upon contract, express or implied, is asserted *may serve upon the claimant a written offer to allow judgment to be taken against him for a sum therein specified, with costs then accrued*, if the party against whom the claim is asserted fails in his defense. If within ten days thereafter the claimant serves a written notice that he accepts the offer, and damages are awarded to him on the trial, they shall be assessed in the sum specified in the offer. If the offer is not so accepted *and the claimant fails to obtain a more favorable judgment*, he shall pay the expenses necessarily incurred by the party against whom the claim is asserted, for trying the issue of damages from the time of the offer. The expenses shall be ascertained by the judge or referee before whom the case is tried. An offer under this rule shall not be made known to the jury.

N.Y. C.P.L.R. ("CPLR") § 3220 (emphasis added).

### DISCUSSION

Judge Stein recommends that Venture's CPLR 3220 motion be denied because Vonage is likely to "ultimately receive a judgment in excess of (*i.e.*, 'more favorable' than) Venture's offer

---

[2] Unless otherwise indicated, quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

of $9.99." Report 19. He reasons that Vonage is entitled to, at minimum, the $1 nominal damages award plus approximately $15,000 in costs incurred in payment for deposition transcripts, which had accrued as of the time of the Rule 3220 offer. Report 9–10. *Id.*

Venture disagrees, insisting that the "correct and most efficient interpretation of Rule 3220" and its "more favorable judgment" provision is a straightforward comparison of "Judge Abrams' verdict of $1 against Venture's offer of $9.99." Objs. 6. Venture makes four specific objections to the Report, raising two arguments for the first time. The Court considers each in turn below. Finding them without merit, the Court overrules Venture's objections, adopts the Report, and denies the instant motion.

I.  **Whether Vonage May Only Recover Costs Authorized Under the Channel Partnership Agreement Between the Parties**

Venture first objects on the basis that, when assessing the amount of the judgment for purposes of CPLR 3220, the Court should only take into account costs if a contract between the parties provides for the payment of such costs. Objs. 8. Venture contends this is the right approach because Rule 3220 only pertains to contract claims. *Id.* at 6–7. Because Vonage is not entitled to any costs under the Channel Partnership Agreement or any other contract between the parties, and Rule 3220 applies only to contract damages, Venture says that costs should not be factored into the "more favorable judgment" analysis. *Id.* at 9. In support of its position, Venture does not cite any new authorities, but rather insists on alternative interpretations of the sources on which Judge Stein relied. The Court is not persuaded.

As an initial matter, Venture's argument is divorced from the text of the statute. It is well-settled that "the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof." *Majewski v. Broadalbin-Perth Cent. Sch. Dist.*, 696 N.E.2d 978, 980 (N.Y. 1998). Rule 3220 states that "any party against whom a cause of action

based upon contract . . . is asserted may serve upon the claimant a written offer to allow judgment to be taken against him for a sum therein specified, *with costs then accrued.*" CPLR § 3220 (emphasis added). The statutory text thus "specifically contemplates that costs will be part of the defendant's offer to liquidate damages." Report 10. The text does not say that such costs must be provided for by contract, and the Court declines to read in such a requirement. The Court's conclusion—that "costs then accrued" is not limited to costs provided for by contract—is bolstered by the CPLR's use of the same phrase in Rule 3221, a similar statutory provision that is not limited to contracts. *See* CPLR § 3221 (governing offer to compromise in any action except a matrimonial action); *see People v. Dondorfer*, 235 A.D.3d 71, 76 (N.Y. App. Div. 2024) ("[W]here the same word or phrase is used in different parts of a statute, it will be presumed to be used in the same sense throughout . . . ."). The statutory text alone thus provides reason to reject Venture's interpretation of the statute.

In support of its position that no costs should be considered under Rule 3220 because none are provided for by contract, Venture points to Justice Mark Dillon's Practice Commentaries. Justice Dillon writes that "the intent and import of CPLR 3220 appears to call for a straight-up comparison between the amount of the offer and the amount of the damages verdict" and advises that parties "take into account that the verdict on damages does not include costs, which are added later into the judgment." Hon. Mark C. Dillon, Practice Commentaries, McKinney's Cons. Laws of N.Y., C3220:1 (2021). "Thus," Justice Dillon concludes "apples should not be compared to oranges." *Id.* Venture asserts that this authority supports its view that the Court should not take costs into consideration when making the "more favorable judgment" comparison between the award and the verdict.

5

This Court, however, like Judge Stein, reads the commentary to support the Report's conclusion. "Read in context, Justice Dillon's commentary appears to assume" that a party's Rule 3220 offer will be for "a specified sum *exclusive* of costs then accrued." Report 16.[3] So called apples would thus be compared to apples by comparing the CPLR 3220 offer, exclusive of costs accrued up until the time of the offer, to the verdict on damages, also exclusive of such costs. Conversely, it would be appropriate to include costs in both calculations. *See* Dillon, Practice Commentaries, C:3220:1 ("The reason is that costs are sums fixed by statute, and costs earned up to the time of the offer are a constant that the plaintiff is entitled to receive whether the offer is accepted or whether the damages verdict is received for an amount less than the offer."). "Otherwise," as Judge Stein explains, "there would be an imbalance; costs would be considered on one side of the equation but not the other." Report 17. The problem for Venture is that its CPLR 3220 offer explicitly stated that its offer of $9.99 "include[d] costs accrued." Boyle Decl. Ex. A. The Court thus agrees with Judge Stein that "the only way to ensure an apples-to-apples comparison is to compare the amount of Venture's offer (which included costs) with the amount of Vonage's judgment (which will include costs)." Report 17.

Venture also challenges Judge Stein's interpretation of *McMahan v. McMahan*, 38 N.Y.S.3d 728 (Sup. Ct. Westchester Cnty. 2016), arguing that he "overlooked a crucial aspect of the cost offer evaluation in his analysis," Objs. 7, wherein the *McMahon* court explained:

> When attorney's fees are recoverable by agreement . . . the offer must be deemed to include such fees, as an element of costs. Further, whether the plaintiff obtains a more favorable judgment must be determined by comparing the total amount of the offer with the total amount of the recovery, plus costs (inclusive of

---

[3] This makes good sense, as CPLR 3220 appears to anticipate that a party's written offer would account for costs accrued up until the point of the offer. *See* CPLR § 3220 ("At any time not later than ten days before trial, any party against whom a cause of action based upon contract, express or implied, is asserted may serve upon the claimant a written offer to allow judgment to be taken against him for a sum therein specified, *with costs then accrued*, if the party against whom the claim is asserted fails in his defense." (emphasis added)).

attorney's fees) "then accrued," meaning, as calculated at the time of the offer. *McMahan*, 38 N.Y.S.3d at 734. This case does not have the meaning Venture ascribes to it.

In *McMahan*, the defendant had made a CPLR 3220 offer that the plaintiff rejected prior to trial. *Id.* at 731. In making a "more favorable judgment" comparison, the parties disputed whether the court should read the defendant's offer—which was inclusive of costs—to include attorney's fees as well, because both the offer and the statute were "silent" on the issue of whether attorney's fees are included in costs. *Id.* at 731–32. To decide the question, the court looked to the Supreme Court's interpretation of "costs" under Federal Rule 68, which contains a comparable statutory provision. *See* Fed. R. Civ. P. 68 (requiring a party to pay the other side's costs if the final offer obtained was "not more favorable than the unaccepted offer," inclusive of "costs then accrued"). The Supreme Court reasoned that, under Rule 68, "costs" included "all costs properly awardable in an action." *McMahan*, 38 N.Y.S.3d at 733 (citing *Marek v. Chesny*, 473 US 1 (1985)). "Just as the United States Supreme Court reasoned that the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority," the *McMahon* court found that "the term 'costs' in CPLR 3220 includes attorney's fees which are properly recoverable in the action by agreement of [*i.e.*, a prior contract between] the parties." *Id.* Accordingly, the court held that the defendant's offer—which, like here, was inclusive of costs— was also to be understood for purposes of Rule 3220 to be inclusive of attorney's fees. The Court thus compared "the offer . . . with the nominal damages ultimately recovered, plus costs then accrued [as of the date of the offer], plus attorney's fees then accrued." *Id.* at 734.

*McMahan* thus took the same approach Judge Stein recommends here. The excerpt Venture relies upon simply speaks to the court's conclusion that attorney's fees were properly recoverable as costs because they were provided for by contract between the parties—whereas they ordinarily would not be under New York law. *See id.* at 732 ("It is well settled in New York that a prevailing

7

party may not recover attorneys' fees from the losing party except where authorized by statute, agreement or court rule.").

Venture further takes issue with Judge Stein's analysis of Rule 68, arguing that it is distinguishable from CPLR 3220. In particular, Venture contends that the federal rule contemplates a "judgment finally obtained," whereas Rule 3220 uses the term "judgment" to mean a "partial judgment that dispenses with the damages portion of the case only." Objs. 8, 10. Like the *McMahan* court, Judge Stein considered Rule 68 with respect to the "interpretive question" of how Rule 3220 should be understood in light of similar language in the two provisions. Report 13, 18. This was appropriate given *McMahan*'s examination of Rule 68 and given the similar language used in both provisions.

In sum, neither Venture's interpretation of *McMahan* nor any other argument persuades this Court that costs may only be considered in the "more favorable judgment" analysis under CPLR 3220 when a contract says so.

## II. Whether the Court's Post-Trial Opinion and Order Awarding Nominal Damages Is a Judgment for Purposes of CPLR 3220's "More Favorable Judgment" Analysis

Next, Venture objects on the basis that Judge Stein should have relied on this Court's post-trial decision awarding nominal damages, Dkt. No. 346, as the "judgment" for purposes of CPLR, instead of looking to the final judgment to be awarded in the case. Objs. 9–10; *see* Report 18–19. Because a judgment under CPLR 3220 is "a partial judgment that dispenses with the damages portion of the case," Venture says, the relevant "judgment" for purposes CPLR 3220 is the Court's interlocutory decision deciding the question of damages. Objs. 10.

According to Venture, two provisions of the CPLR support its position that the Court's prior decision constituted a "judgment" under New York law. The first is CPLR 5011, which states

in relevant part that "[a] judgment is the determination of the rights of the parties in an action or special proceeding and may be either interlocutory or final. A judgment shall refer to, and state the result of, the verdict or decision, or recite the default upon which it is based." CPLR § 5011. The second statute Venture relies on is CPLR 5016(e), which distinguishes between a "final judgment" and an "interlocutory" one. Rule 5016 states in pertinent part:

> **(a) What constitutes entry.** A judgment is entered when, after it has been signed by the clerk, it is filed by him.
>
> **(b) Judgment upon verdict.** Judgment upon the general verdict of a jury after a trial by jury as of right shall be entered by the clerk unless the court otherwise directs; if there is a special verdict, the court shall direct entry of an appropriate judgment.
>
> **(c) Judgment upon decision.** Judgment upon the decision of a court or a referee to determine shall be entered by the clerk as directed therein. When relief other than for money or costs only is granted, the court or referee shall, on motion, determine the form of the judgment. . . .
>
> **(e) Final judgment after interlocutory judgment.** Where an interlocutory judgment has been directed, a party may move for final judgment when he becomes entitled thereto.

*Id.* § 5016. These provisions suggest that the Court's prior decision awarding nominal damages may constitute an "interlocutory judgment," but is clearly not a "[j]udgment upon decision," which "shall be entered by the clerk as directed therein," *id.* § 5016(c), or a "final judgment" that will issue after a party "becomes entitled" to its entry, *id.* § 5016(e).

There is no dispute that final judgment is yet to enter, or that costs, if granted, will be a part of the final judgment. Venture thus simply appears to attempt another avenue to stop the Court from considering costs in its "more favorable judgment" analysis under CPLR 3220. This result would be incongruous with the text of the statute, for the reasons stated above. Venture's second objection is overruled.

### III. Whether the Report Erroneously Applied Federal Instead of State Law Regarding the Meaning of Costs Under CPLR 3220

Venture next objects on the basis that New York law decides the meaning of "costs" under Rule 3220—not Federal Rules 54 and 68, on which Judge Stein relied—and that Vonage is not entitled to costs under New York law. Objs. 10–12. Venture further argues that CPLR 3220 concerns only damages, so costs related to liability should not be considered in determining the value of the judgment. Objs. 11. The Court rejects these arguments for three reasons.

First, this argument was not raised before Judge Stein. The prevailing view among district courts in this circuit is that arguments raised for the first time in objections to a report and recommendation will not be considered. *See United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."); *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all."); *Delshah 60 Ninth, LLC v. Free People of PA LLC*, No. 20-CV-5905 (JMF), 2024 WL 5107364, at *1 (Dec. 13, 2024) ("That assertion is a new argument that could and should have been raised before [the] Magistrate Judge . . . in the first instance and, thus, the Court will not entertain it now."); *Watson v. Geithner*, No. 11 Civ. 9527 (AJN), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013) ("[A] party waives any arguments not presented to the magistrate judge."). *But cf. Levy v. Young Adult Inst., Inc.*, 103 F. Supp. 3d 426, 433 (S.D.N.Y. 2015) ("Other[ courts] have applied a multi-factor test to determine whether a district court should exercise discretion to review arguments properly raised for the first time in objections to a

magistrate judge's ruling.").[4] Application of the majority rule is appropriate here. Indeed, Venture "had every incentive and opportunity to raise its . . . argument before Judge [Stein]," yet "[i]t failed to do so." *Gladden*, 394 F. Supp. 3d at 480. Accordingly, the Court finds that this argument has been forfeited.

Second, even if this argument had not been forfeited, it is unpersuasive. It is unclear whether Venture asks this Court to apply state law in calculating all costs in this diversity action, or simply to apply state law when evaluating costs for CPLR 3220's "more favorable judgment" comparison. In either case, the Court declines the invitation.

"[W]hen sitting in diversity, the award of costs is ordinarily controlled by federal law, except where an important state interest is implicated." *Retained Realty, Inc. v. Spitzer*, 643 F. Supp. 2d 228, 242 (D. Conn. 2009). With the exception of attorney's fees—which, "under *Erie* principles, . . . are considered substantive and are controlled by state law in diversity cases," *Antidote Intern. Films, Inc. v. Bloomsbury Pub. PLC*, 496 F. Supp. 2d 362 (S.D.N.Y. 2007)—and in the absence of a contractual provision that provides for the award of costs and expenses "as part of an attorneys' fee award," courts look to "Local Civil Rule 54.1, Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 [to] provide a framework for determining the proper award of statutory court costs, available to the prevailing party," *Austrian Airlines Oesterreichische Luftverkehrs AG v. UT Fin. Corp.*, No. 04 Civ. 3854 (LAK) (AJP), 2008 WL 4833025, at *8 (S.D.N.Y. Nov. 3, 2008); *accord Conte v. Flota Mercante Del Estado*, 277 F.2d 664, 672 (2d Cir. 1960); *United States v. Bedford Assocs.*, 548 F. Supp. 748, 752 (S.D.N.Y. 1982); *NYQF Inc. v. Sigue Corp.*, 781 F. Supp. 3d 104,

---

[4] Under this approach, the pertinent factors are "(1) the reason for the litigant's previous failure to raise the new legal argument; (2) whether an intervening case or statute has changed the state of the law; (3) whether the new issue is a pure issue of law for which no additional fact-finding is required; (4) whether the resolution of the new legal issue is not open to serious question; (5) whether efficiency and fairness militate in favor or against consideration of the new argument; and (6) whether manifest injustice will result if the new argument is not considered." *Levy*, 103 F. Supp. 3d at 433–34. Even applying this test, Venture has failed to persuade the Court that its claim survives.

123 (E.D.N.Y. 2025); 10 Wright & Miller, Federal Practice and Procedure: Civil 4d § 2669 at 214 (2025 update). Venture has not given any reason to depart from applying federal law to the determination of costs.[5]

Third, if state law applied, Vonage would likely be entitled to costs of at least $9—thus making Venture's $9.99 offer less favorable than the $10 or more in costs and nominal damages Vonage would presumably receive. Venture insists that Vonage would not be entitled to costs under state law because it is not a "prevailing party" under the relevant statute. Objs. 12.[6] But CPLR 8101 instructs that "[t]he party in whose favor a judgment is entered is entitled to costs in the action, . . . unless the court determines that to so allow costs would not be equitable, under all of the circumstances." CPLR § 8101. "[C]omplete success is not a requirement." *In re. Birnbaum v. Birnbaum*, 157 A.D.2d 177, 192 (N.Y. App. Div. 1990). The Court's "finding that [Venture] breached the [Channel Partnership Agreement] solidified [Vonage's] status as the prevailing party." *Quick Park West LLC v. Bridgewater Operating Corp.*, 189 A.D.3d 488, 489 (N.Y. App. Div. 2020). That it "also successfully defended against" Venture's claim only bolsters this conclusion. *Id.* And "[t]he fact that [Vonage] recovered only nominal damages does not affect [its]

---

[5] Without citing any relevant precedent, Venture suggests that Rule 54 and CPLR 3220 are in conflict. Venture asserts that Judge Stein's reliance on Rule 54 "creates an unnecessary clash between New York law, which is the basis of Rule 3220, and Federal Rule 54." Objs. 11. Rule 54 governs entry of a judgment and costs, whereas, according to Venture, the only pertinent costs under Rule 3220 are those relevant to damages. Objs. 8. "Relying on the New York law interpretation for costs under Rule 3220," in its view, "avoids the issue of parsing out which taxed costs apply to liability and which apply to damages, and avoids the issue of determining when Rule 54 taxed costs accrue in relation to damages-only trials." Objs. 11–12. The Court is not persuaded that Rule 54 is "inapplicable or invalid," *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("We do not wade into *Erie*'s murky waters unless the federal rule is inapplicable or invalid."), or that, to the extent the rules are not wholly in conflict, the "policies behind" the *Erie* doctrine merit application of state law, *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–53 (1980) ("[T]he policies behind *Erie* and *Ragan* control the issue whether, in the absence of a federal rule directly on point, state [law] . . . should control in an action based on state law which is filed in federal court under diversity jurisdiction.").

[6] Venture also argues that Vonage has not claimed any costs under the pertinent state statute, CPLR 8101, and therefore is not entitled to costs under state law. Objs. 12. Vonage presumably did not invoke state law in support of its draft bill of costs because to do so would conflict with the ordinary rule in federal cases. Even if state law applied to the calculation under CPLR 3220, the Court does not find Vonage's failure to invoke Rule 8101 at this stage to be fatal.

status as prevailing party." *Id.* Accordingly, the Court overrules Venture's objection that federal law does not govern the analysis of costs, and that, under state law, Vonage is not entitled to costs.

**IV.    Whether the Costs Vonage Seeks Accrued as of the Time of Venture's CPLR 3220 Offer**

Finally, Venture objects that the costs Vonage seeks for deposition transcripts did not accrue prior to Venture's CPLR 3220 offer and only became taxable costs when they were used at trial. Objs. 15. As an initial matter, the Court agrees with Vonage that this argument is forfeited because it could have been, but was not, raised before Judge Stein. Nonethless, reaching the merits of the issue, Venture's argument again fails. At minimum, Vonage is likely to be entitled to deposition transcripts used by the Court in its summary judgment ruling issued in October 2023, Dkt. No. 237, pursuant to Local Rule 54.1(c)(2) ("Costs for depositions are also taxable if they were used by the court in ruling on a motion for summary judgment or other dispositive substantive motion").[7] *See Phoenix Light SF DAC v. U.S. Bank Nat'l Ass'n*, No. 14-CV-10116 (VSB), 2023 WL 5498928, at *3 (S.D.N.Y. Aug. 25, 2023) ("[T]he practice of taxing the expenses of a deposition when it is received in evidence or employed on a successful motion for summary judgment is widespread." (quoting Committee Note to Local Rule 54.1(c)(2)).

***

Venture's CPLR 3220 motion is denied. Should Vonage not receive a final judgment in excess of $9.99, Venture may renew its CPLR 3220 motion. At this stage, however, Venture has not demonstrated entitlement to an award under the statute. Because the Court overrules Venture's objections and adopts the Report, it declines to reach Vonage's proposed alternative bases for ruling in its favor. *See* Opp'n 16–18.

---

[7] Vonage's draft bill of costs explicitly seeks fees for "transcripts necessarily obtained for use in the case." Dkt. No. 359 Ex. B; *see also id.* at Ex. C (detailing expenses).

13

## CONCLUSION

For the foregoing reasons, the Court overrules the objections to the Report and denies Venture's motion without prejudice. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. No. 354.

SO ORDERED.

Dated:   September 30, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge