UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VENTURE GROUP ENTERPRISES, INC.,  :
                                     :
     Plaintiff-Counterclaim Defendant,  :
                                     :
       - against -           :
                                     :
VONAGE BUSINESS INC., f/k/a  :
VONAGE BUSINESS LTD.,     :
                                   :
     Defendant-Counterclaim Plaintiff.  :
------------------------------------------------------------------X

20 Civ. 4095 (RA) (GS)

<u>ORDER</u>

**GARY STEIN, United States Magistrate Judge:**

On March 10, 2026, the Court issued an Opinion & Order granting in part and denying in part the motion for costs filed by Defendant-Counterclaim Plaintiff Vonage Business Inc. ("Vonage").  (Dkt. No. 377 ("March 10 Order"); *see* Dkt. No. 208 (motion for costs)).  The motion was granted as to attorney's fees incurred in connection with the motion to seal filed on October 5, 2022 by Plaintiff-Counterclaim Defendant Venture Group Enterprises, Inc. ("Venture") (Dkt. No. 200); the motion was denied as to Vonage's October 5, 2022 provisional motion to seal (Dkt. No. 195), Venture's October 7, 2022 motion to seal (Dkt. No. 211), and litigation concerning the production of certain audio recordings.  (*See* Dkt. No. 377 at 1, 22, 26, 29, 31).  Because the spreadsheet attached as Exhibit A to Vonage's reply brief, entitled "Fees Incurred in Connection with October Motions to Seal" (Dkt. No 219 Ex. A), included costs incurred in connection with both of Venture's October 2022 sealing motions, without identifying the specific fees allocable to each motion, the Court directed Vonage to submit additional information necessary for

the Court to calculate the fees to be awarded to Vonage for responding to Venture's

October 5, 2022 sealing motion.  (Dkt. No. 377 at 31-32).

On March 20, 2026, David Fioccola, counsel for Vonage, filed a declaration in

further support of Vonage's motion for costs, pursuant to the Court's March 10

Order.  (Dkt. No. 378).  The declaration includes a spreadsheet, attached as Exhibit

A, listing the block-billed time entries taken from a November 14, 2022 invoice from

Morrison & Foerster, which was then representing Vonage in this case.  (Dkt. No.

378 Ex. A ¶ 12).  The spreadsheet, Mr. Fioccola avers, reflects reasonable estimates

from the block-billed entries of time spent on tasks related to Vonage's response to

Venture's October 5, 2022 sealing motion.  (*Id.*).  According to the spreadsheet, Mr.

Fioccola and other attorneys spent an estimated 9.75 hours on work related to

Venture's October 5, 2022 motion to seal and Vonage was charged and paid a total

of $7,585.19 for this work.  (*Id.* ¶¶ 7, 19 & Ex. A).  Mr. Fioccola represents that each

time entry charged to Vonage reflects work that "was necessary to respond to

Venture's October 5 Sealing Motion[.]"  (*Id.* ¶ 17).

Venture filed a letter in response on March 23, 2026.  (Dkt. No. 379).[1]

Venture contests the time reflected in Vonage's spreadsheet for Mr. Fioccola's work,

which consisted of one hour billed at $1,190.00.  Specifically, Venture notes that the

entry for Mr. Fioccola states: "Review and [revise] sealing motion."  (*Id.*; *see* Dkt.

No. 378 Ex. A).  Venture contends that this must reflect work performed in

connection with *Vonage*'s own provisional motion to seal, also filed on October 5,

---

[1] Separately, Venture has objected to the Court's March 10 Order insofar as it awards any fees to Vonage in connection with Venture's October 5, 2022 sealing motion.  (Dkt. No. 380).

2022, rather than work performed in connection with *Venture*'s October 5, 2022 sealing motion.  (Dkt. No. 379 at 1).  The March 10 Order awarded fees only in connection with the latter and denied fees as to the former.  According to Venture, "Mr. Fioccola did not spend any time on either letter opposing Venture's [October 2022] sealing [motions].  Grant Esposito, another partner, reviewed [their associate's] letter to the Court, not Mr. Fioccola." (*Id.*).

The Court finds Venture's argument unpersuasive.  To be sure, the narrative provided for Mr. Fioccola's entry, insofar as it indicates that he revised a "sealing motion," suggests work performed on a motion filed by Vonage rather than a response to a motion filed by Venture.  By way of contrast, the other attorneys' narrative entries accurately describe their work as relating to, *e.g.*, "Venture letter motion to seal" or to "draft[ing] opposition to [that] letter motion" or to discussing or revising the "response to Venture motion to seal."  (Dkt. No. 378 Ex. A).

But Mr. Fioccola's "sealing motion" entry is dated October 10, 2022, *after* Vonage's provisional motion to seal had already been filed on October 5.  If Mr. Fioccola was, as his declaration and the spreadsheet represent, performing work on a motion to seal on October 10, that work could not have related to Vonage's own October 5 sealing motion.  Moreover, it makes sense that Mr. Fioccola would have been working on the response to Venture's October 5 motion to seal on October 10, as the entries make clear that a draft of the response had been circulated on October 10 and the response was filed on October 11.  (Dkt. No. 11).  While it may be possible that Mr. Fioccola attributed his work on Vonage's sealing motion to the

wrong date, that possibility seems highly unlikely. It seems much more likely that Mr. Fioccola's entry is simply imprecisely worded. Accordingly, the Court finds that the $1,190.00 for Mr. Fioccola's work is properly part of Vonage's awardable costs.

Venture also argues that Vonage's claimed costs attributable to its response to Venture's October 5 sealing motion is not "credible" because it represents "well over half" the time and fees previously claimed by Vonage for its responses to both of Venture's October 2022 sealing motions. (Dkt. No. 379 at 1). The Court rejects this argument as well. Venture's premise that roughly equal time should have been spent on the two responses is unsound. Vonage's response to Venture's October 5 motion is considerably longer (nine paragraphs and more than two and one-half pages) and contains more substantive arguments including case citations. (Dkt. No. 212). Vonage's response to the October 7 motion is two paragraphs and a little more than a page. (Dkt. No. 214). It is reasonable to assume that the fees associated with these two letters would be proportional to their complexity and that the fees for the response to the October 5 motion would be substantially higher.

As such, the Court adopts the costs as detailed in Mr. Fioccola's declaration (Dkt. No. 378 Ex. A) and awards Defendant-Counterclaim Plaintiff Vonage fees in the amount of **$7,585.19**.

**SO ORDERED.**

DATED:    New York, New York
          April 3, 2026

_____
The Honorable Gary Stein
United States Magistrate Judge

4